# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NATIONAL ASSOCIATION OF GOVERNMENT INSPECTORS, UNIT 1, <br><br>     Petitioner, <br><br>   v. <br><br> OFFICE OF PERSONNEL MANAGEMENT, <br><br>     Agency, <br><br><br>    and <br><br><br> DEPARTMENT OF THE NAVY, <br><br>     Agency. | DOCKET NUMBER <br> CB-1205-13-0017-U-1 <br><br><br> DATE: August 14, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas A. Delegal, III, Jacksonville, Florida, for the petitioner.

Henry F. Sonday, Jr., Jacksonville, Florida, for the agency.

Michelle L. Perry, Esquire, Washington, D.C., for the agency.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The petitioner asks the Board to review the Department of the Navy's (Navy's) employment practices regarding promotions to the position of Supervisory Quality Assurance Specialist.  MSPB Docket No. CB-1205-13-0017-U-1, Request File (RF) Tab 3 at 4.  For the reasons discussed below, we DENY the petitioner's request.

**DISCUSSION**

¶2     The petitioner originally filed its claim as an employment practice appeal pursuant to 5 C.F.R. § 300.104, which the administrative judge denied on December 20, 2012.  MSPB Docket No. AT-300A-13-0035-I-1, Initial Appeal File, Tab 9, Initial Decision (ID).  The administrative judge found that the Office of Personnel Management (OPM) was not involved in the practice about which the petitioner complained, and therefore the petitioner failed to state a claim within the Board's jurisdiction.  ID at 2.  The administrative judge forwarded the petitioner's claim to the Board for docketing as a regulation review request pursuant to 5 U.S.C. § 1204(f)(2)(B).  ID at 3.

¶3     The petitioner alleges that the Navy failed to comply with OPM's employment practice regulations.  RF, Tab 3 at 4.  Specifically, the petitioner claims that the Navy violated OPM's regulations when making promotions to the position of Supervisory Quality Assurance Specialist by: (1) failing to create a job analysis identifying the basic duties and responsibilities of the position, the knowledge, skills, and abilities required for the position, and factors important to

evaluating candidates for the position, in violation of 5 C.F.R. § 300.103(a); and (2) creating promotional requirements[2] not sanctioned by OPM, in violation of 5 U.S.C. § 3308.  RF, Tab 3 at 5-6.  The petitioner claims that the newly-created promotional requirements violate the following merit principles: 5 U.S.C. §§ 2301(b)(1) ("selection and advancement should be determined solely on the basis of relative ability, knowledge, and skills, after fair and open competition which assures that all receive equal opportunity"); 2301(b)(2) (discrimination on the basis of age because the process requires the preference for recency of supervisory experience); 2301(b)(8) (employees are not protected from arbitrary actions taken for partisan political purposes).  RF, Tab 3 at 6-7.  In addition, the petitioner claims that the promotional requirements constitute a prohibited personnel practice under section 2302(b)(4) (the process fails to comply with standards created by statute and rule, and deceives or willfully obstructs employees in their rights to compete for employment promotion).  RF, Tab 3 at 6-7.

¶4        The Navy contends that the Board should deny the request because the petitioner fails to identify which OPM regulation it challenges or state how the OPM regulation or its implementation would require an employee to commit a prohibited personnel practice.  RF, Tab 7 at 2.  OPM moves to dismiss the request for regulation review on the ground that the petitioner fails to identify an OPM regulation that requires an employee to commit a prohibited personnel practice or to challenge any OPM action.  RF, Tab 10 at 6.  In its reply, the petitioner concedes that it is not challenging an OPM regulation; rather, it alleges that the

---

[2] The petitioner identifies the following newly-created promotional requirements: "knowledge, skills and abilities in applying Continuing Process Improvement methodologies and use of associated tools [] (i.e. AIRspeed, Lean, Six-Sigma, Theory of Constraints, 4 Disciplines of Execution [sic])"; "'green belt' certification"; and recency of supervisory experience.  RF, Tab 3 at 7-8.

Navy failed to comply with valid OPM requirements. RF, Tab 15 at 4-5. On this basis, it agrees that the Board should dismiss OPM as a party. *Id.* at 5.

## ANALYSIS

¶5      The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision, if implemented by an agency, would require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice. 5 U.S.C. § 1204(f)(2)(B).

¶6      The Board's regulations direct the individual or entity requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take. 5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15 ¶ 7 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

¶7      Here, the petitioner fails to identify an OPM regulation that it contends has required or would require an employee to commit a prohibited personnel practice. The petitioner does not contend that OPM's employment practice regulations are invalid or require employees to commit a prohibited personnel practice; rather, it contends that the agency has failed to comply with valid OPM regulations because the agency added requirements not found in the regulations. Thus, far

from asking the Board to invalidate OPM's regulations, the petitioner seeks to have the Board enforce them. But such enforcement is outside the scope of a regulation review request pursuant to section 1204(f). The petitioner's request is properly characterized either as an employment practice claim pursuant to 5 C.F.R. § 300.104 (which, as explained above, the Board previously denied), or a prohibited personnel practice claim within the jurisdiction of the Office of Special Counsel, *see* 5 C.F.R. § 1800.1(a)(12), (c). We therefore find that the petitioner has not articulated a regulation review claim that is within the Board's jurisdiction under 5 U.S.C. § 1204(f). *DiJorio*, 54 M.S.P.R. at 500. Accordingly, the petitioner's request for regulation review is DENIED. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.